1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD JOHN BRENNAN, JR.,

                           Plaintiff,

        v.

DEPUTY ESTRADA,

                           Defendant.

Case No. C18-417-RSM-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Ronald Brennan, who is currently in custody at the Snohomish County Jail ("SCJ"), alleges in this action that he was retaliated against by a deputy at the SCJ based upon his good faith use of the SCJ grievance system.  Plaintiff complains that approximately a week after filing a grievance complaining about noise in his housing unit caused by the deputy and an inmate trustee, the deputy withheld a part of plaintiff's breakfast meal as punishment.  Plaintiff identifies SCJ Deputy Estrada as the lone defendant in this action, and he seeks $20,000 in damages for Deputy Estrada's alleged misconduct.

REPORT AND RECOMMENDATION - 1

1    Defendant Estrada now moves to dismiss this action under Rule 12(b)(6) of the Federal

2    Rules of Civil Procedure.  Plaintiff has filed a response opposing defendant's motion to dismiss.

3    Plaintiff filed with his response a motion for court-appointed counsel, a request for preliminary

4    injunctive relief, and a motion for sanctions.  Defendant filed a reply brief in support of his

5    motion to dismiss together with responses to each of plaintiff's other motions.  The Court,

6    having reviewed plaintiff's complaint, defendant's motion to dismiss, each of plaintiff's pending

7    motions, all related briefing, and the balance of the record, concludes that defendant's motion to

8    dismiss should be granted, that each of plaintiff's pending motions should be denied, and that

9    plaintiff's complaint and this action should be dismissed with prejudice.

10                                                    FACTS

11    Plaintiff's retaliation claim arises out of Deputy Estrada's conduct on March 2, 2018, and

12    relates to the delivery of plaintiff's breakfast meal.  On the morning in question, Deputy Estrada

13    and an inmate trustee were serving breakfast to inmates in the segregation unit where plaintiff

14    was housed.  (Dkt. 5 at 3.)  Prior to serving the meals, Deputy Estrada had opened all of the cuff

15    ports in the unit, and had touched all of the doors and his keys.  (*Id*.)  Deputy Estrada handed

16    each inmate in the unit a brown paper sack containing the breakfast meal.  (*Id*.)  Deputy Estrada

17    initially by-passed plaintiff's door, and then returned to deliver plaintiff's meal last.  (*Id*.)

18    According to plaintiff, the bag containing his breakfast meal comes from the kitchen

19    sealed in plastic wrap, and the deputies who deliver his meals generally take the plastic wrap off

20    and hand him the bag.  (*Id*. at 6.)  On this occasion, Deputy Estrada opened plaintiff's breakfast

21    bag and took the food out, handing it to plaintiff one item at a time, all while wearing the same

22

23

REPORT AND RECOMMENDATION - 2

1    gloves he'd worn to open the cuff ports and serve the other meals.[1]  (Dkt. 5 at 6.)  Plaintiff asked

2    Deputy Estrada why he was serving the food in this fashion, and Deputy Estrada explained that

3    he was checking plaintiff's meal to ensure he received each item.  (*See id*. at 6, 13.)  After

4    plaintiff complained, Deputy Estrada put the rest of plaintiff's food through the cuff port and

5    walked away before plaintiff was given his breakfast drink, a cup of tea.  (*Id*. at 3.)

6         Deputy Estrada thereafter moved on to another task involving a different inmate, and

7    plaintiff got Deputy Estrada's attention again by demanding some tea.  (*Id*. at 7.)  Deputy Estrada

8    told plaintiff that he could have some tea if he were to say "please."  (*Id*. at 3, 7.)  According to

9    plaintiff, he advised Deputy Estrada that "I am not going to beg you for my meal."  (*Id*. at 7.)

10   Deputy Estrada responded that "you need to treat me with respect and say please," and plaintiff

11   replied to Deputy Estrada that "his job was to feed me" and that plaintiff "didn't have to beg for

12   my food."  (*Id*.)  When Deputy Estrada insisted plaintiff "say please," plaintiff asked to speak

13   with a sergeant, but Deputy Estrada indicated it wasn't necessary to do so.  (*See id*.)  Ultimately,

14   plaintiff refused to say "please," and he never received his tea.  (*Id*.)

15        Deputy Estrada returned to plaintiff's cell a few minutes later to retrieve the breakfast

16   waste and close the cuff port at which time he advised plaintiff that he had been instructed by the

17   sergeant to "write you up."  (*Id*. at 7.)  Plaintiff advised Deputy Estrada that "I am a pre-trial

18   detainee and I am not convicted therefore you have no right to withhold my food as

19   punishment."  (*Id*.)  According to plaintiff, Deputy Estrada responded that "My job is to correct

20   your behavior and that's what I am going to do."  (*Id*.)  Plaintiff replied "You have no right to

21

22        [1] Plaintiff explains in his response to defendant's motion to dismiss that he suffers from obsessive
     compulsive disorder (OCD), that his issues are well documented with the SCJ staff, and that some accommodations
     have been made to help him deal with his fear of germs.  (*See* Dkt. 14 at 4.)  According to plaintiff, Deputy Estrada
23   refused to make any such accommodations on the day in question.  (*See id*. at 6.)

REPORT AND RECOMMENDATION - 3

1  withhold my food because I won[']t respond to you in the way to you want.  I will file a

2  grievance and handle it my way." (Dkt. 5 at 7.)

3         Thereafter, plaintiff filed a grievance regarding Deputy Estrada's conduct, and Deputy

4  Estrada wrote plaintiff a rule violation for use of profanity and for being disrespectful.  (*See id*. at

5  7, 9, 13.)  The rule violation notice was subsequently amended to harassment.  (*Id*. at 13.)

6  Plaintiff was found guilty of the amended charge and was sanctioned to two days loss of good

7  time, with the sanction suspended on condition that plaintiff not have any further major rule

8  violations.  (*Id*.)

9         Plaintiff maintains that Deputy Estrada's conduct on March 2, 2018, which resulted in

10 plaintiff being denied a part of his breakfast meal; *i.e.*, a cup of tea, was motivated by the fact

11 that plaintiff submitted a grievance a week earlier, on February 23, 2018, in which he

12 complained that Deputy Estrada and the inmate trustees working in his housing unit were

13 extremely loud in the early morning hours causing plaintiff to be deprived of sleep.  (*See id*. at 3-

14 5, 16.)  Plaintiff notes that he also submitted a service kite on February 23, 2018 in which he

15 complained that Deputy Estrada had collected his personal laundry that morning, and should

16 have put it where it could be taken to the laundry, but when the laundry was later returned to

17 plaintiff it had not been washed.  (*See id*. at 6-8, 18.)

DISCUSSION

19         Defendant Estrada moves to dismiss this action under Rule 12(b)(6) of the Federal Rules

20 of Civil Procedure for failure of plaintiff to state a cognizable ground for relief.  Dismissal of a

21 complaint under Fed. R. Civ. P. 12(b)(6) "can be based on the lack of a cognizable legal theory

22 or the absence of sufficient facts alleged under a cognizable theory."  *Balistreri v. Pacifica*

23 *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A complaint must allege facts to state a claim

REPORT AND RECOMMENDATION - 4

for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In

considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and

makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside*

*County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court also

liberally construes a pro se pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena*

*v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, vague and conclusory allegations of

official participation in civil rights violations are not sufficient to withstand a motion to dismiss."

*Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268

(9th Cir. 1982)).

### Section 1983 Standard

In order to set forth a prima facie case under § 1983, a plaintiff must establish a

deprivation of a federally protected right. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). A

plaintiff must also allege facts in his § 1983 complaint showing how individually named

defendants caused or personally participated in causing the harm alleged in the complaint.

*Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The causation requirement of § 1983 is

satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in

another's affirmative act, or omitted to perform an act which he was legally required to do that

caused the deprivation complained of. *Id.* (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th

Cir. 1978)).

### First Amendment

Plaintiff asserts that Deputy Estrada retaliated against him for his good faith use of the

SCJ grievance system. Specifically, plaintiff claims that Deputy Estrada withheld a cup of tea

from him on March 2, 2018, because a week earlier plaintiff had filed a grievance complaining

REPORT AND RECOMMENDATION - 5

1  about Deputy Estrada's failure to keep noise under control in plaintiff's housing unit and a kite

2  complaining that his personal laundry was not washed after being collected by Deputy Estrada.

3      "A prisoner suing prison officials under section 1983 for retaliation must allege that he

4  was retaliated against for exercising his constitutional rights and that the retaliatory action does

5  not advance legitimate penological goals, such as preserving institutional order and discipline."

6  *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Rizzo v. Dawson*, 778 F.2d 527, 532

7  (9th Cir.1985)).  The Ninth Circuit has identified five basic elements that comprise a viable claim

8  of First Amendment retaliation within the prison context:  "(1) An assertion that a state actor

9  took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,

10  and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the

11  action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d

12  559, 567–68 (9th Cir. 2005).

13      A plaintiff who fails to allege a chilling effect may still state a viable retaliation claim if

14  he alleges he suffered some other harm. *Rhodes*, 408 F.3d at 567 n.11.  A prisoner plaintiff

15  "bears the burden of pleading and proving the absence of legitimate correctional goals for the

16  conduct of which he complains." *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (quoting

17  *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995)).  The Court evaluates a retaliation claim in

18  light of the deference accorded prison officials. *Pratt*, 65 F.3d at 807.

19      Plaintiff does not allege sufficient facts in his complaint to state any viable claim for

20  retaliation.  This case involves the withholding of a single cup of tea.  Plaintiff attributes the

21  withholding of this cup of tea to his filing of a prior grievance.  However, plaintiff does not

22  allege facts demonstrating that the prior grievance was the cause of Deputy Estrada withholding

23  his tea on the morning in question.  Plaintiff details in his complaint a somewhat testy verbal

REPORT AND RECOMMENDATION - 6

1   exchange between himself and Deputy Estrada which, according to plaintiff's own description of

2   events, resulted in plaintiff not receiving any tea because he refused to phrase his request

3   politely.  Plaintiff's position appears to be that he does not have to politely request his meal, or

4   any portion thereof, in order to receive it, and he speculates that Deputy Estrada's insistence on

5   civility during this interaction was related to plaintiff filing a grievance the week prior.  This

6   speculation is not sufficient to demonstrate that the filing of the grievance was what caused

7   Deputy Estrada to withhold plaintiff's tea.

8          Plaintiff also fails to allege that Deputy Estrada's withholding of the tea had a chilling

9   effect on his First Amendment rights, or that he suffered any other harm as a result of the

10  withholding of the single cup of tea.  In fact, in the midst of his verbal altercation with Deputy

11  Estrada surrounding the tea, plaintiff advised Deputy Estrada that he would "file a grievance and

12  handle it my way." (*See* Dkt. 5 at 7.)  Plaintiff also makes clear in his response to defendant's

13  motion to dismiss that he continues to file kites and grievances regarding what he perceives to be

14  continued harassment from Deputy Estrada.  (*See* Dkt. 14 at 19.)

15         Finally, plaintiff fails to meet his burden of pleading and proving the absence of

16  legitimate correctional goals for the Deputy Estrada's conduct.  Plaintiff's own description of his

17  conversation with Deputy Estrada concerning the tea demonstrates that he was, at the very least,

18  being demanding and disrespectful to Deputy Estrada.  The fact that plaintiff was infracted for

19  the behavior, and found guilty of a major rule violation, demonstrates that legitimate correctional

20  goals were at stake.  In sum, plaintiff has not alleged sufficient facts to state a plausible claim for

21  retaliation against Deputy Estrada.

22

23

REPORT AND RECOMMENDATION - 7

Fourteenth Amendment

To the extent plaintiff contends that the withholding of his tea constituted improper punishment, he also fails to allege sufficient facts to state a viable claim for relief. When a pretrial detainee challenges some aspect of his pretrial detention that is not alleged to violate any express guarantee of the Constitution, the issue to be decided is the detainee's right to be free from punishment. *Bell v. Wolfish*, 441 U.S. 520, 533 (1979). Such challenges arise under the Fourteenth Amendment Due Process Clause. *Id.* at 535.

While the Due Process Clause protects pretrial detainees from punishment, not every disability imposed during pretrial detention constitutes "punishment" in the constitutional sense. *Id.* at 537. Thus, the test to be applied in determining whether particular restrictions and conditions imposed as a result of pretrial detention amount to punishment in the constitutional sense is whether there was an express intent to punish, or "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]. *Id.* at 538 (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-169 (1963).

The Supreme Court has recognized that "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 546. The Supreme Court has further recognized that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547.

REPORT AND RECOMMENDATION - 8

1    The facts alleged by plaintiff in his complaint demonstrate that his tea was ultimately

2    withheld on the day in question because he was being disrespectful to Deputy Estrada.

3    Plaintiff's own description of events suggests that he could have obtained his beverage had he

4    simply requested it in a more respectful manner, something he was apparently determined not to

5    do.  As noted above, plaintiff was infracted for his behavior surrounding the tea incident and was

6    found guilty of a major rule violation, thus demonstrating that legitimate correctional goals were

7    at stake.  In sum, plaintiff has not alleged sufficient facts to state a plausible due process claim

8    against Deputy Estrada.

9                                  Motion for Appointment of Counsel

10    Plaintiff has filed a motion seeking appointment of counsel to represent him in this

11    matter.  (Dkt. 15.)  However, there is no right to have counsel appointed in cases brought under

12    42 U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to

13    represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional

14    circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v.*

15    *Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).

16    A finding of exceptional circumstances requires an evaluation of both the likelihood of success

17    on the merits and the ability of the plaintiff to articulate his claims pro se in light of the

18    complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.  As explained above, it is

19    this Court's view that plaintiff is not likely to succeed on the merits of his claims because he has

20    not, in fact, stated any plausible claim for relief in this action.  Appointment of counsel is

21    therefore not warranted.

22

23

REPORT AND RECOMMENDATION - 9

Request for Preliminary Injunctive Relief

Plaintiff has submitted papers requesting that he be granted preliminary injunctive relief in this action. (*See* Dkts. 16, 17.) In his papers requesting injunctive relief, plaintiff asserts that since his complaint was served on Deputy Estrada, Deputy Estrada has continued to retaliate against him and to "do things that are attempting to get the plaintiff engaged is [sic] an action that would cause the plaintiff to be infracted." (Dkt. 17 at 2.) Plaintiff requests that Deputy Estrada be ordered to have no direct contact with him while this action is pending. (*See* Dkts. 16, 17.)

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because this Court is recommending that plaintiff's complaint and this action be dismissed on the grounds that plaintiff has not stated any plausible claim for relief against Deputy Estrada, plaintiff's request for preliminary injunctive relief is moot.

Motion for Sanctions

Plaintiff has filed a motion seeking sanctions under Fed. R. Civ. P. 11(c) on the grounds that defendant's counsel, in the pending motion to dismiss, described the tea at issue in this action as "hot" when, in fact, the SCJ does not serve hot beverages to the inmate population. (*See* Dkt. 18.) Defendant, in his response to plaintiff's motion for sanctions, notes that plaintiff's

REPORT AND RECOMMENDATION - 10

1   complaint was neutral as to the temperature of the tea, and that it was not unreasonable to infer

2   that tea served with breakfast would be hot.  (*See* Dkt. 21.)  Defendant thus argues that sanctions

3   are not appropriate.  While it is somewhat surprising that counsel for an SCJ employee would not

4   have some reasonable familiarity with SCJ policies and procedures such as whether inmates are

5   permitted to receive hot beverages, the Court is satisfied that there was no intent to mislead the

6   Court in the motion to dismiss and, in fact, defendant has submitted a notice of errata correcting

7   the description of the tea.  (*See* Dkt. 20.)  Plaintiff has not persuaded the Court that sanctions are

8   appropriate in this matter.

9                                                CONCLUSION

10          Based on the foregoing, this Court recommends that defendant's motion to dismiss be

11   granted and that plaintiff's complaint and this action be dismissed with prejudice, pursuant to

12   Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.  The Court

13   further recommends that plaintiff's motion for appointment of counsel, his request for

14   preliminary injunctive relief, and his motion for sanctions be denied.  A proposed order

15   accompanies this Report and Recommendation.

16          Objections to this Report and Recommendation, if any, should be filed with the Clerk and

17   served upon all parties to this suit by no later than **September 4, 2018**.  Failure to file objections

18   within the specified time may affect your right to appeal.  Objections should be noted for

19   consideration on the District Judge's motion calendar for the third Friday after they are filed.

20   Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no

21   timely objections are filed, the matter will be ready for consideration by the District Judge on

22   **September 7, 2018.**

23

REPORT AND RECOMMENDATION - 11

1    This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

2  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

3  assigned District Judge acts on this Report and Recommendation.

4    DATED this 14th day of August, 2018.

5

6                              _____
                                JAMES P. DONOHUE
7                               United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 12